**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4457

LARRY RICKY YOUNG,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-263)

Submitted: February 27, 1998

Decided: April 17, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Morgan, Jr., LAW OFFICE OF CHARLES L. MORGAN,
JR., Charlotte, North Carolina, for Appellant. Mark T. Calloway,
United States Attorney, Robert J. Conrad, Jr., Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Ricky Young was convicted by a jury of conspiracy to rob an armored vehicle, obstruction or delay of commerce by robbery, bank robbery, bank larceny, and interstate transportation of stolen money. The district court sentenced Young to 108 months imprisonment. Both Young and the government appealed the sentence. We affirmed the sentence with the exception of an adjustment for obstruction of justice based on Young's false testimony that he was not involved in the robbery. See U.S. Sentencing Guidelines Manual § 3C1.1 (1995). Because the district court failed to make an independent finding of perjury, we remanded for reconsideration of the adjustment. On remand, the district court made the required finding and reimposed the 108-month sentence. Young appeals this sentence, alleging that the district court's findings were inadequate under United States v. Dunnigan, 507 U.S. 87 (1993). We affirm.

A two-level adjustment for obstruction of justice may be given if the defendant makes a denial of guilt under oath that constitutes perjury. USSG § 3C1.1, comment. (n.1). However, neither the bare fact that the defendant denied his guilt on the witness stand nor a recommendation for the adjustment by the probation officer is sufficient. The district court must make an independent finding at sentencing that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Dunnigan, 507 U.S. at 94-95. The court may address each element of the alleged perjury in a separate finding or make a finding that encompasses all the factual predicates for a finding of perjury. Id. at 95. Here, the district court found that Young willfully gave false testimony on a material matter when he denied that he had any part in the robbery and each time his testimony materially differed from the testimony of his co-defendant. This finding is sufficient under Dunnigan, and the court's finding was not clearly erroneous.

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3